UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------:

KENYA PORTORREAL

                             Plaintiff,

   - against -

THE CITY OF NEW YORK; NEW YORK CITY POLICE
DEPARTMENT; SGT. SEAN GALLAGHER and
SGT. "JANE" KENNEDY, Each Being Sued
in Their Individual and Professional Capacities.

                             Defendants.
-----------------------------------------------------------------------:

Amended
**Complaint**

11-1587

The plaintiff KENYA PORTORREAL by her attorneys, Jeffrey L. Goldberg, P.C., as and for her complaint against defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY respectfully sets forth and alleges that:

## INTRODUCTION

1.     This is an action for equitable relief and money damages on behalf of the plaintiff, KENYA PORTORREAL (hereinafter referred to as "plaintiff") who was, and who is prospectively being deprived of her statutory rights as an employee as a result of the defendants' gender, and ethnicity discrimination and discrimination based upon plaintiff's status as an active member of the military.

## JURISDICTION AND VENUE

2.     The rights, privileges and immunities sough herein to be redressed are those secured by and invoked pursuant to the Constitution of the United States.

3.     The jurisdiction of this Court is invoked pursuant to the Constitution of the Untied

States and New York State Executive Law § 296, and New York City Administrative Code § 8-502.

4. Venue is properly placed in this district pursuant to 42 U.S.C. §1981 and 28 U.S.C. §1391 (b)(2) in that a substantial part of the events giving rise to the claims occurred in this district; New York State Executive Law § 296, and New York City Administrative Code § 8-502.

5. The unlawful employment practices, violations of plaintiff's statutory rights as an employee were committed within various counties of the City of New York.

## PLAINTIFF

6. Plaintiff is a female citizen of the United States of America, of Hispanic Dominican origin, and is over twenty-one (21) years of age, a resident of Bronx County and was an employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the ("City") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD"). For the purposes of this litigation, defendant City may be identified interchangeably using City or NYPD to identify the employer which is the City.

## DEFENDANTS'

7. Defendant City was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the world.

8. Defendant City is an employer within the definitions contained New York State Executive Law § 296 and New York City Administrative Code § 8-502.

9. Defendants' SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY were and still are at all times relevant Plaintiff's supervisors at the Police Academy Investigations Unit

of the New York City Police Department. They are both being sued in their individual and professional capacities.

## BACKGROUND

10. Plaintiff is an Hispanic Female, of Dominican origin, and was an employee of the Police Department City of New York ("NYPD").

11. Plaintiff was appointed to the NYPD on or about July 11, 2005. as a police officer.

12. Plaintiff jointed the Army Reserves on or about April 28, 2003.

13. At all times Plaintiff made it know to the NYPD that she was a military reservist.

14. On or about September 1, 2005 Plaintiff was deployed as an active Army Reservist to Iraq.

15. On or about January 21, 2007 Plaintiff returned from military deployment to training at the Police Academy.

16. Plaintiff's probation was supposed to have ended on July 11, 2005.

17. On or about June 6, 2007 Plaintiff was informed by two NYPD sergeants, Defendants SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY, that a complaint was filed against her by her ex fiancé, Gilberto Rivera. The two NYPD sergeants, Defendants GALLAGHER and KENNEDY informed Plaintiff that Rivera's complaint alleged that she engaged in of stalking, aggravated harassment, impersonation and charges against Mr. Rivera.

18. After filing the complaint Mr. Rivera continued to contact Plaintiff numerous times by telephone and e-mail for the purpose of reestablishing their relationship.

19. Plaintiff was threatened by Defendants the NYPD including Defendants

GALLAGHER and KENNEDY that if she did not resign she would be terminated and that she would face criminal charges and go to jail.

20. Plaintiff informed the NYPD including Defendants GALLAGHER and KENNEDY that during their relationship Mr. Rivera had been verbally and physically abusive and was the one that was actually harassing her.

21. Plaintiff showed the NYPD including Defendants GALLAGHER and KENNEDY e-mails and telephone records as proof that Mr. Rivera was the aggressor against her.

22. On or about June 25, 2007 Plaintiff was placed on modified duty by the NYPD including Defendants GALLAGHER and KENNEDY because of Mr. Rivera's false and baseless complaints.

23. Upon information and belief the NYPD including Defendants GALLAGHER and KENNEDY did not investigate Mr. Rivera's complaints to ascertain if there was any truth to his allegations.

24. Defendants treated plaintiff in a disparate manner, based upon her gender and ethnic origin, which affected the terms and conditions of her employment in that actions were taken based upon the unsupported and baseless allegations of a male.

25. Because Plaintiff was placed on modified duty her probationary period which was supposed to have ended on July 10, 2007 was extended.

26. Plaintiff always received good evaluations while in the academy and only had minor disciplines.

27. While assigned to the NYPD Gun Range plaintiff worked with SIX other probationary officers - Hispanic females, one white female, one white male and one Hispanic

Male. In total out of eight probationary police officers assigned to the Gun Range at that time – six were Hispanic.

28. Hispanic probationary officers were treated in a disparate demeaning manner compared to similarly situated Caucasian probationary officers by Defendants, including John Doe(s) and Jane(s). Although plaintiff had the most seniority of all the probation officers at the gun Range, only she and the Hispanic females were assigned to clean the range. The white female, who upon information and belief, was being investigated for a gun case, was assigned to a desk job with the sergeants and police officers.

29. Upon information and belief Hispanic officers were disciplined more harshly and with greater frequency than non-minority officers by Defendants including GALLAGHER and KENNEDY, including but not limited to: P.P.O. Polanco, female, Dominican, modified and suspended for alleged welfare fraud; P.P.O. Vanessa Rodriquez, female, Hispanic investigated for alleged drug issues; P.P.O. Fabian, female, Hispanic, investigated and sent back to Police Academy for failure to take police action when her brother got into a fight; P.P.P. Rivera, female, Hispanic, investigated because domestic partner, girlfriend, accused her of domestic violence.

30. On or about September 2007 Plaintiff was again deployed with the military. Plaintiff was ordered to go to military postal school.

31. On or about February 2008 Plaintiff was again deployed with the military. Plaintiff got orders to go on training for mobilization to Iraq)

32. On or about March 10, 2008 the NYPD including Defendants GALLAGHER and KENNEDY came to the military base where plaintiff was assigned by the military and terminated her while she was on military leave effective the next day March 11, 2008.

5

33. Plaintiff was informed by her supervisor P.O. Fred Herndon that she was terminated because of her military involvement. P.O. Herndon informed Plaintiff that her Defendants, including her supervisors in the Police Academy, and Defendants GALLAGHER and KENNEDY were mad that she was in the military and that it was believed she had volunteered to go to Iraq and she was not supposed to do that.

34. Plaintiff alleges that Defendants and their agents have a long history of performing flawed and unfair internal investigations of its minority officers.

35. Plaintiff alleges that Defendants and their agents have a long history of imposing more frequent and harsher discipline against minority officers. See Latino Officers Association City of New York Inc., et al. v. City of New York 99 cv 9568 (LAK)(SDNY).

36. Plaintiff alleges that based on the foregoing, that she has been discriminated against by Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY due to her gender, ethnicity and military involvement.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I

### DISCRIMINATION IN VIOLATION OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT OF 1994, 38 U.S.C. §4301, ET SEQ., ("USERRA")

37. Plaintiff re-alleges paragraphs 1 through 36 and incorporates them by reference as paragraphs 1 through 36 of Count I of this Complaint.

38. Defendants City, NYPD, GALLAGHER and KENNEDY violated USERRA, including sections 4311 AND 4312 among other ways, by discriminating against Plaintiff by

6

terminating her employment with the NYPD due to her military status.

39. The Defendants' actions were willful under USERRA .

40. As a direct and proximate result of defendants' actions Plaintiff has suffered financial harm, loss of employment, loss of career opportunities, loss of salary and related benefits and emotional distress

41. As a direct result of Defendants' unlawful discrimination, Plaintiff has been damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

## COUNT II

### GENDER DISCRIMINATION
### IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 296

42. Plaintiff re-alleges paragraphs 1 through 41 and incorporates them by reference as paragraphs 1 through 41 of Count I of this Complaint.

43. New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender.

44. Based upon the foregoing, Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY discriminated against the Plaintiff based upon her gender.

45. As a direct and proximate result of the unlawful employment practices of Defendants' Plaintiff has suffered the indignity of gender discrimination and great humiliation. And plaintiff has suffered financial harm, loss of employment, loss of career opportunities, loss of salary and related benefits and emotional distress

46. As a direct result of Defendants' acts Plaintiff has been damaged in the sum of Five (5) Million Dollars.

## COUNT III
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

47. Plaintiff re-alleges paragraphs 1 through 46 and incorporates them by reference as paragraphs 1 through 46 of Count II of this Complaint.

48. New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race.

49. Based upon the foregoing, Defendants' unlawfully discriminated against Plaintiff because of her race.

50. As a direct and proximate result of Defendants' actions Plaintiff has suffered financial harm, loss of employment, loss of career opportunities, loss of salary and related benefits and emotional distress

51. As a direct result of Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY's discrimination, Plaintiff has been damaged in the sum of Five (5) Million Dollars.

## COUNT IV
## NATIONAL ORIGIN DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

52. Plaintiff re-alleges paragraphs 1 through 51 and incorporates them by reference as paragraphs 1 through 51 of Count III of this Complaint.

53. New York State Executive Law § 296 et seq., makes it unlawful to discriminate

against any individual in the terms, conditions, or privileges of employment on the basis of national origin.

54. Based upon the foregoing, defendants' unlawfully discriminated against Plaintiff because of her national origin.

55. As a direct result of Defendants' actions Plaintiff has suffered financial harm, loss of employment, loss of career opportunities, loss of salary and related benefits and emotional distress

56. As a direct result of Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY's discrimination, Plaintiff has been damaged in the sum of Five (5) Million Dollars.

## COUNT V
## ETHNICITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

57. Plaintiff re-alleges paragraphs 1 through 56 and incorporates them by reference as paragraphs 1 through 56 of Count IV of this Complaint.

58. New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of ethnicity.

59. Based upon the foregoing, Defendants' unlawfully discriminated against plaintiff because of her ethnicity.

60. As a direct result of Defendants' actions Plaintiff has suffered financial harm, loss of employment, loss of career opportunities, loss of salary and related benefits and emotional distress

61. As a direct result of Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY's discrimination, Plaintiff has been damaged in the sum of Five (5) Million Dollars.

## COUNT VI
## GENDER DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

62. Plaintiff re-alleges paragraphs 1 through 61 and incorporates them by reference as paragraphs 1 through 61 of Count V of this Complaint.

63. New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender.

64. Based upon the foregoing, Defendants' discriminated against the plaintiff based upon her gender.

65. As a direct and proximate result of the unlawful employment practices of Defendants' City, NYPD, GALLAGHER and KENNEDY, Plaintiff has suffered the indignity of gender discrimination and great humiliation. And Plaintiff has suffered financial harm, loss of employment, loss of career opportunities, loss of salary and related benefits and emotional distress

66. As a result of Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY, Plaintiff has been damaged in the sum of Five (5) Million Dollars.

## COUNT VII

## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

67. Plaintiff re-alleges paragraphs 1 through 66 and incorporates them by reference

as paragraphs 1 through 66 of Count VI of this Complaint.

68. New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race.

69. Based upon the foregoing, Defendants' discriminated against Plaintiff based upon her race.

70. As a direct and proximate result of the unlawful employment practices of Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY, Plaintiff has suffered the indignity of race discrimination and great humiliation. And Plaintiff has suffered financial harm, loss of employment, loss of career opportunities, loss of salary and related benefits and emotional distress

71. As a result of Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY, Plaintiff has been damaged in the sum of Five (5) Million Dollars.

**COUNT VII**
**NATIONAL ORIGIN DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-502**

72. Plaintiff re-alleges paragraphs 1 through 71 and incorporates them by reference as paragraphs 1 through 71 of Count VII of this Complaint.

73. New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of national origin.

74. As a direct and proximate result of the unlawful employment practices of Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY,

Plaintiff has suffered the indignity of national origin discrimination and great humiliation. has suffered financial harm, loss of employment, loss of career opportunities, loss of salary and related benefits and emotional distress

75. As a result of Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY, Plaintiff has been damaged in the sum of Five (5) Million Dollars.

## COUNT IX
### ETHNICITY DISCRIMINATION IN VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE § 8-502

76. Plaintiff re-alleges paragraphs 1 through 75 and incorporates them by reference as paragraphs 1 through 75 of Count VIII of this Complaint.

77. New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of ethnicity.

78. As a direct and proximate result of the unlawful employment practices of Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY, Plaintiff has suffered the indignity of ethnicity discrimination and great humiliation.

79. As a result of Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY, Plaintiff has been damaged in the sum of Five (5) Million Dollars.

## COUNT X
### PURSUANT TO 42 U.S.C. §1981

80. Plaintiff re-alleges paragraphs 1 through 79 and incorporates them by reference as paragraphs 1 through 79 of Count IX of this Complaint.

81. Throughout the events cited herein, the individual Defendants, while acting under the color of law, subjected Plaintiff to the deprivation of rights, privileges and immunities secured by

the Constitution and laws of the United States, and specifically the equal protection and due process guarantees of the 14th Amendment of the Constitution, civil rights as guaranteed under Article I, Section II, of the New York State Constitution.

82. Plaintiff has been deprived of her Constitutional rights to be free of discrimination based upon race, color and retaliation and has been damaged in her employment and has suffered emotional distress and conscious pain and suffering as a result of these actions.

83. The actions of Defendants, in depriving Plaintiff of her constitutional and civil rights, as herein before stated, were willful and malicious acts.

84. As a result of the aforesaid wrongful, reckless and intentional acts of Defendants, Plaintiff has been damaged in the amount of $5,000,000.00.

85. Based on the foregoing, Plaintiff is entitled to punitive and exemplary damages in the sum of $5,000,000.00.

### JURY TRIAL

86. Plaintiff demands a trial by jury of all issues in this action that are so triable.

### PRAYER FOR RELIEF

**Wherefore,** plaintiff prays this honorable Court for judgment:

A. On Count I, in favor of the Plaintiff and against Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY, Plaintiff has been damaged in the sum of Five (5) Million Dollars.

B. On Count II, in favor of the Plaintiff and against Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY, Plaintiff has been damaged in the sum of Five (5) Million Dollars.

C.     On Count III, in favor of Plaintiff and against Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY, Plaintiff has been damaged in the sum of Five (5) Million Dollars.

D.     On Count IV, in favor of the Plaintiff and against Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY, Plaintiff has been damaged in the sum of Five (5) Million Dollars.

E.     On Count V, in favor of the Plaintiff and against Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY, Plaintiff has been damaged in the sum of Five (5) Million Dollars.

F.     On Count VI, in favor of the Plaintiff and against Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY, Plaintiff has been damaged in the sum of Five (5) Million Dollars.

G.     On Count VII, in favor of the Plaintiff and against Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY, Plaintiff has been damaged in the sum of Five (5) Million Dollars.

H.     On Count VIII, in favor of the Plaintiff and against Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY, Plaintiff has been damaged in the sum of Five (5) Million Dollars.

I.     On Count IX, in favor of the Plaintiff and against Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY, Plaintiff has been damaged in the sum of Five (5) Million Dollars.

J.     On Count X, in favor of the Plaintiff and against Defendants' City, NYPD, SGT. SEAN GALLAGHER and SGT. "JANE" KENNEDY, Plaintiff has been damaged in the sum of Five

(5) Million Dollars.

    K.    For the interests, costs, and disbursements incurred in this action; and

    L.    For such other and further relief as this Court may deem just and proper; and

    M.    For attorney's fees and costs.

Dated:    June 21, 2011
           Lake Success, N.Y.

           Respectfully Submitted,

By: _____
Linda M. Cronin ( LC0766 )
CRONIN & BYCZEK, LLP
Attorneys for the Plaintiff
1983 Marcus Avenue
Suite C-120
Lake Success NY 11042

Index No. 11-1587   Year 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENYA PORTORREAL,
                    Plaintiff,
    -against-

CITY OF NEW YORK, et al

                    Defendants.

---

### AMENDED SUMMONS AND COMPLAINT WITH JURY DEMAND

---

**CRONIN & BYCZEK, LLP**
Attorneys and Counselors at Law
1983 Marcus Avenue, Suite C120
Lake Success, NY 11042

(516) 358-1700

---

To:

*Attorney(s) for*

---

*Service of a copy of the within*                                        *is hereby admitted.*

*Dated:*

.......................................................................

*Attorney(s) for*

---

**PLEASE TAKE NOTICE**

☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on                        20

☐ **NOTICE OF SETTLEMENT**
that an Order of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court,
at
on                          20       , at               M.

*Dated:*

**CRONIN & BYCZEK, LLP**
Attorneys and Counselors at Law
1983 Marcus Avenue, Suite C120
Lake Success, NY 11042

To: